UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. OLIVO-NOBLE, | : | CIVIL NO: 1:16-CV-01762 |
| Petitioner | : | |
| | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JOHN E. WETZEL, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

On August 25, 2016, the petitioner, Jose A. Olivo-Noble, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed *in forma pauperis*. He also filed a "Motion for Stay and Abeyance."

By an Order dated September 9, 2016, we granted Olivo-Noble's application for leave to proceed *in forma pauperis*, and, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), we notified Olivo-Noble of the effects of filing a § 2254 petition in light of the Antiterrorism and Effective Death Penalty Act. We also ordered Olivo-Noble to complete and file an election form indicating either his election to have the Court rule on his petition under 28 U.S.C. § 2254 or his election to withdraw his petition.

By a letter dated September 22, 2016, and filed on September 30, 2016, Olivo-Noble inquired about the status of his motion for stay and abeyance. By an

Order dated October 3, 2016, that motion was deemed withdrawn pursuant to Local Rule 7.5 because Olivo-Noble did not file a brief in support of the motion. For Olivo-Noble's benefit should he decide to refile his motion, we set forth the standards that govern whether a court should stay a habeas petition.

On October 13, 2016, Olivo-Noble filed the election form stating his election to withdraw his petition so that he may file one all-inclusive petition.

Given Olivo-Noble's election to withdraw his petition, we recommend that the petition for a writ of habeas corpus be deemed withdrawn and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record

developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of October, 2016.

                              *S/Susan E. Schwab*
                              Susan E. Schwab
                              United States Magistrate Judge